## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE DAVIS, | : | |
|     Petitioner | : | No. 1:20-cv-01537 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| D.K. WHITE, | : | |
|     Respondent | : | |

### MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2241 in which pro se Petitioner Andre Davis ("Davis") seeks time credit towards his federal sentence for sixteen months that he spent in confinement prior to the imposition of his federal sentence. Respondent has filed a suggestion of mootness based on Davis's release from federal custody. For the reasons that follow, the Court will dismiss the petition as moot.

**I.    BACKGROUND**

On July 31, 2021, Davis initiated this case through the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania, seeking credit towards his sentence for sixteen months that he spent in confinement prior to the imposition of his federal sentence. (Doc. No. 1.) The case was transferred to this district, (see Doc. No. 3), and on July 16, 2021, the Court stayed the case to allow Davis the opportunity to file a motion under Federal Rule of Criminal Procedure 36 with his sentencing court. (Doc. No. 20.)

On September 9, 2021, Respondent filed a suggestion of mootness, noting that Davis was released from federal custody on July 9, 2021 and asserting that his petition is therefore moot. (Doc. No. 21.) The Court issued an order on September 20, 2021, requiring Davis to respond to

the suggestion of mootness on or before October 20, 2021. (Doc. No. 22.) Davis has not responded.[1]

**II.   DISCUSSION**

Article III of the Constitution limits federal judicial power to actual cases or controversies. A case is moot when it no longer presents a live case or controversy. See, e.g., Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020). A petition for writ of habeas corpus "generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing Defoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)). For a petitioner to obtain judicial review of a conviction or sentence after the petitioner has been released from custody, the petitioner must show that he "continues to suffer from secondary or collateral consequences of his conviction." See id. (citing Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001)).

Collateral consequences are presumed when "the defendant is attacking his conviction while still serving the sentence imposed for that conviction" or when "the defendant is attacking that portion of his sentence that is still being served." See Burkey v. Mayberry, 556 F.3d 142, 148 (3d Cir. 2009) (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)). "Where, however, the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." Id. (citing United States v. Cottman, 142 F.3d 160, 165 (3d Cir. 1998)).

---

[1] It appears that Davis may not have received a copy of the Court's order given that a similar order issued on the same day was returned to the Court in Davis's other pending habeas corpus case. See Davis v. Thompson, No. 1:21-cv-00891 (M.D. Pa. Oct. 8, 2021). This does not change the Court's analysis. Pro se litigants have a continuing obligation to inform the Court of their mailing address.

In this case, Davis's petition seeks time credit for sixteen months that he spent in confinement prior to the imposition of his sentence. (Doc. No. 1.) Thus, Davis is attacking a sentence that has already been served, and in such a situation, "collateral consequences will not be presumed, but must be proven." See Burkey, 556 F.3d at 148. Davis has not stated any collateral consequences that he continues to suffer as a result of his sentence, and the Court gave him a specific opportunity to do so. Accordingly, Davis has failed to prove collateral consequences of his sentence, and his petition is moot.

### III.    CONCLUSION

For the foregoing reasons, the Court will dismiss this case as moot. An appropriate Order follows.

> s/ Yvette Kane
> Yvette Kane, District Judge
> United States District Court
> Middle District of Pennsylvania